**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN L. DELOSH,

    Plaintiff,

v.

STATE OF NEVADA et al.,

    Defendants.

2:14-cv-632-APG-GWF

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has filed a complaint in state court, which defendants have removed. It appears from the documents and the removal statement that removal to federal court was proper. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine

2

whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff, counseled, sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (Dkt. #1-2 at 3). Plaintiff sues Defendants High Desert State Prison, State of Nevada, State of Nevada Division of Prisoners, the NDOC, Brian Sandoval, Ross Miller, Catherine Cortez Masto, James Greg Cox, Robert Bannister, Dwight Neven, Dr. Gregory Martin, Dr. Gary Graham, Nurse Mary Eaton, Dr. Romeo Aranas, Correctional Officer Michael Ramos, and Correctional Officer Moye. (*Id.* at 3-5). Plaintiff alleges six counts[1] and seeks monetary damages, attorney's fees, and costs. (*Id.* at 15-16). Plaintiff filed his complaint in state court on February 14, 2014. (*Id.* at 2).

The complaint alleges the following: On January 28, 2012, Plaintiff was sitting down to eat dinner in the chow hall at HDSP when two other inmates began fighting approximately 20 to 30 yards away from him. (*Id.* at 7). Moye yelled to the gun tower to "shoot them . . . shoot them." (*Id.*). All of the inmates immediately laid down on the floor after the correctional officers began shooting. (*Id.*). Ramos "began carelessly and erratically shooting throughout the chow

---

[1] Plaintiff alleges: (1) excessive force and deliberate indifference to serious medical needs; (2) negligence; (3) negligent hiring, training, retention, and supervision; (4) gross negligence; (5) assault and battery; and (6) respondeat superior. (*See* Dkt. #1-2).

3

hall firing at the masses of inmates instead of at the two involved in the altercation." (*Id.*). Ramos fired at the inmates who were lying on the ground. (*Id.*) Plaintiff was struck by several bullets and still has some of the bullets embedded into his body today. (*Id.*). Plaintiff suffers "great pain" in his body as a result of the embedded bullets. (*Id.*).

The Court notes that Nevada's personal injury statute of limitations is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(c), (e)); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits because § 1983 contains no specific statute of limitations). The statute of limitations on Plaintiff's claims expired on January 28, 2014. Plaintiff, counseled, filed his complaint on February 14, 2014. As such, Plaintiff's claims are time-barred. The Court dismisses this case in its entirety with prejudice, as amendment would be futile. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (holding that a district court may *sua sponte* dismiss a complaint as untimely on statute of limitations grounds).

**III. CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the complaint (Dkt. #1-2) is dismissed in its entirety with prejudice, as amendment would be futile.

The Clerk of the Court shall enter judgment accordingly.

Dated:   June 4, 2014.

_____
United States District Judge