# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN L. DELOSH,

    Plaintiff,

v.

STATE OF NEVADA et al.,

    Defendants.

Case No. 2:14-cv-632-APG-GWF

**Order**

### I.  MOTION FOR RELIEF FROM SCREENING ORDER

On June 5, 2014, this Court issued a screening order dismissing the complaint in its entirety with prejudice. (Dkt. #9 at 4). This Court dismissed the case based on the expiration of the two-year statute of limitations. (*Id.*). This Court found that Plaintiff had filed his original complaint in state court on February 14, 2014, but that the statute of limitations for his claims had expired on January 28, 2014. (*Id.* at 3-4). The Clerk of the Court entered a judgment in the case on June 5, 2014. (Dkt. #10).

On June 30, 2014, Plaintiff, counseled, filed a motion for relief from screening order pursuant to Federal Rule of Civil Procedure 60. (Dkt. #11). Plaintiff argues that the statute of limitations was tolled in this case pursuant to federal law and admits that he "mistakenly did not include a statement regarding the statute of limitations" in his complaint. (*Id.* at 4-6). Plaintiff asserts that the statute of limitations period was tolled while he completed the mandatory exhaustion process. (*Id.* at 2). Plaintiff alleges that the statute of limitations was tolled from July 19, 2012 through November 16, 2012 while he exhausted the grievance process and that his claim expired on May 28, 2014. (*Id.* at 2-3).

1  Pursuant to Rule 60(b), a court may relieve a party from a final judgment for any reason that justifies relief.  Fed. R. Civ. P. 60(b)(6).  In Nevada, the personal injury statute of limitations is two years.  *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(c), (e)); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits because § 1983 contains no specific statute of limitations).  "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).  "Federal law determines when a cause of action for a [s]ection 1983 claim accrues and, hence, when the statute of limitations begins to run." *Id.* "Under federal law, a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000).  However, the Ninth Circuit has held that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

The Court grants Plaintiff's motion for relief from judgment and reopens this case. The Court finds that, in light of the motion for relief, Plaintiff timely filed his complaint because the statute of limitations was tolled while Plaintiff exhausted the grievance process.  The Court now screens Plaintiff's complaint.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with

factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  SCREENING OF COMPLAINT

In the complaint, Plaintiff, counseled, sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (Dkt. #1-2 at 3). Plaintiff sues Defendants High Desert State Prison, State of Nevada, State of Nevada Division of Prisoners, the NDOC, Brian Sandoval, Ross Miller, Catherine Cortez Masto, James Greg Cox, Robert Bannister, Dwight Neven, Dr. Gregory Martin, Dr. Gary Graham, Nurse Mary Eaton, Dr. Romeo Aranas, Correctional Officer Michael Ramos, and Correctional Officer Moye. (*Id.* at 3-5). Plaintiff alleges six counts and seeks monetary damages, attorney's fees, and costs. (*Id.* at 15-16). Plaintiff filed his complaint in state court on February 14, 2014. (*Id.* at 2).

The complaint alleges the following: On January 28, 2012, Plaintiff was sitting down to eat dinner in the chow hall at HDSP when two other inmates began fighting approximately 20 to 30 yards away from him. (*Id.* at 7). Moye yelled to the gun tower to "shoot them . . . shoot them." (*Id.*). All of the inmates immediately laid down on the floor after the correctional officers began shooting. (*Id.*). Ramos "began carelessly and erratically shooting throughout the chow hall firing at the masses of inmates instead of

at the two involved in the altercation." (*Id.*).  Ramos fired at the inmates who were lying on the ground.  (*Id.*)  Plaintiff was struck by several bullets and still has some of the bullets embedded into his body today.  (*Id.*).  Plaintiff suffers "great pain" in his body as a result of the embedded bullets.  (*Id.*).

### A.   Count I

In Count I, Plaintiff alleges Eighth and Fourteenth Amendment violations.  (Dkt. #1-2 at 7).  Plaintiff alleges that "defendants" used excessive force and refused to provide him with prompt medical care during and after the shooting.  (*Id.* at 7-8). Plaintiff does not provide any more details for these allegations but instead makes conclusory statements that "Defendants acted deliberately indifferent in the failure to provide medical treatment to [Plaintiff] by not immediately seeking medical treatment for his injury and afterwards," "Defendants delayed medical care caused needless pain to [Plaintiff]," and "Defendants denied [Plaintiff's] reasonable request for medical treatment, even though the officials knew that the denial of treatment would expose [Plaintiff] to a substantial risk of pain and/or permanent injury." (*Id.* at 8).  Plaintiff also alleges that HDSP "lacks the most basic elements of an adequate prison health care system." (*Id.* at 10).  Plaintiff alleges that defendants have a "grossly barbaric policy and procedures of firing live rounds at inmates in concrete rooms and crowds." (*Id.* at 11).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it may also be proper to consider factors such as the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a

- 5 -

forceful response.  *Hudson*, 503 U.S. at 7.  Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force.  *Id.* at 9-10.

The Court finds that Plaintiff states a colorable claim for excessive force.  Although prison officials initiated the shooting as an effort to restore discipline among the two fighting inmates, Plaintiff's allegation that Ramos's erratic shooting at the rest of the inmate population supports his claim that the shooting may have been done for the purpose of causing harm.  As such, this claim shall proceed against Moye and Ramos.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.*  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Id.* (internal quotations omitted).  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay

led to further injury.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff fails to state a colorable Eighth Amendment claim for deliberate indifference to medical needs.  Plaintiff's complaint does not provide any factual allegations about the medical treatment that took place during or after the shooting.  As such, the Court is unable to evaluate whether Plaintiff states sufficient facts to state a claim for such a violation.  Rather, Plaintiff fills the complaint with conclusory allegations that prison officials were deliberately indifferent to Plaintiff's medical needs.  The Court dismisses this portion of the claim but grants leave to amend.

### B.    Counts II, III, IV, and V

In Count II, Plaintiff alleges negligence against "defendants" for failing to provide a safe environment for the inmates by firing live ammunition rounds into a crowded room.  (Dkt. #1-2 at 12).  In Count III, Plaintiff alleges negligent hiring, training, retention, and supervision because the "defendants" had the duty to properly and adequately hire, train, and retain, and supervise its personnel under their control.  (*Id.* at 13).   In Count IV, Plaintiff alleges gross negligence against "defendants."  (*Id.* at 14).  In Count V, Plaintiff alleges assault and battery against "defendants."  (*Id.*).

The Court finds that Plaintiff's state law claims only provide conclusions and labels for each of the claims.  The complaint only provides factual allegations as to Moye's and Ramos's actions regarding the incident(s) at hand.  The complaint does not provide factual allegations as to any of the other defendants but instead refers to the defendants collectively in each of the state law claims.  The Court dismisses the state law claims with leave to amend.

### C.    Count VI

In Count VI, Plaintiff alleges respondeat superior.  (Dkt. #1-2 at 15).  The Court dismisses this claim with prejudice, as amendment would be futile.  A defendant is liable

under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### D. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes any previous complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies of his complaint, this action will only proceed on the excessive force claim against Defendants Moye and Ramos.

/ / /

/ / /

/ / /

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for relief (Dkt. # 11) is granted. The Clerk of the Court shall reopen this case.

**IT IS FURTHER ORDERED** that Count I, alleging excessive force and deliberate indifference, shall proceed in part and is dismissed in part with leave to amend. The excessive force portion of the claim shall proceed against Defendants Moye and Ramos. The deliberate indifference claim is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Count II, alleging negligence, is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Count III, alleging negligent hiring, training, retention, and supervision, is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Count IV, alleging gross negligence, is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Count V, alleging assault and battery, is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Count VI, alleging respondeat superior, is dismissed with prejudice as amendment would be futile.

**IT IS FURTHER ORDERED** that Plaintiff shall file his amended complaint within 30 days from the date of this order. If Plaintiff chooses not to file an amended complaint, this case shall proceed against Defendants Moye and Ramos for excessive force only.

Dated: July 3, 2014.

_____
United States District Judge